IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MELANIE GLASS-WYBLE, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION: 19-00429-KD-N |
| ) | |
| GEICO INSURANCE COMPANY, et. al., ) | |
| et al., ) | |
|     Defendants. ) | |

**ORDER**

This matter is before the Court on Plaintiff Melanie Glass-Wyble's Amended Complaint. (Doc. 19).

Rule 15(a)(2) of the <u>Federal Rules of Civil Procedure</u> states "[t]he court should freely give leave when justice so requires" to allow a party to amend its pleadings. A review of Plaintiff's proposed amended complaint against the original complaint reveals the Plaintiff: removed the fictitious defendants from her complaint; added language about expenses, injuries, and allegations of lost earnings (past, present and future); and added facts in her breach of contract claim regarding Defendant's insurance policy, Plaintiff's compliance with same and actions of the uninsured driver.

At this stage in the proceeding,[1] Plaintiff may amend its pleading only with Defendant's "written consent or the court's leave." <u>Fed.R.Civ.P.</u> 15(a)(2). There is no indication that Defendant consented to Plaintiff's amended complaint. Therefore, the Court construes Plaintiff's amended complaint as a motion for leave to file same. The Court must next determine whether

---

[1] This case was removed (1:19-cv-00072-KD-N), remanded, and removed again (1:19-cv-00429-KD-N). Defendant filed its first answer in this Court in February 2019. Because eleven months have passed since it's answer was filed, Rule 5(a)(1) does not apply.

1

justice requires granting leave to amend the answer. Rule 15(a)(2) states that "[t]he court should freely give leave when justice so requires." It is within the sole discretion of the district court to decide if leave to amend an answer should be granted; this discretion is limited by Rule 15(a)'s language mandating that "leave shall be freely given when justice so requires." See Laurie v. Alabama Ct. of Crim. App., 256 F.3d 1266, 1274 (11th Cir. 2001); Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). The district court "may consider several factors when deciding whether to grant a motion to amend, including 'undue delay, bad faith or dilatory motive [on the part of the movant], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1340–41 (11th Cir. 2014).

The deadline to amend pleadings was January 30, 2020. (Doc. 11). Plaintiff's motion is thus timely filed. Also, discovery does not end until May 1, 2020. (Id.). The Defendant will not be prejudiced by Plaintiff's removal of the fictitious defendants. (Doc. 19 at 1). Moreover, Plaintiff's amended factual allegations pertaining to her physical injuries/pain from those injuries are not new allegations. Plaintiff's original complaint contained the same language in the "Count One: Negligence" section. (Compare Doc. 1-2 at 5; with Doc. 19 at 3). Similarly, Plaintiff's breach of contract claim in her amended complaint has additional facts—these facts were in Plaintiff's original complaint in the factual background section. (Compare Doc. 1-2 at 4-6; with Doc. 19 at 4-5). In Plaintiff's amended complaint, Plaintiff specifies that she "sustained past, present, and future lost earnings and loss of future earning capacity." (Doc. 19 at 3). Though not explicitly in Plaintiff's original complaint, Plaintiff did request compensatory damages. (Doc. 1-2 at 6). Defendant will likely not be prejudiced by these amendments and/or reorganization of the facts in Plaintiff's amended complaint. The docket also does not indicate any bad faith, dilatory

motives, or undue delay on the part of the Defendant in filing its amended answer. As such, the Court has not ascertained reason to deny the motion. See, e.g., Borden, Inc. v. Florida East Coast Ry. Co., 772 F.2d 750, 757 (11th Cir. 1985) ("There is a strong policy embodied in the Federal Rules of Civil Procedure, and Rule 15 particularly, favoring the liberality of amendment"); Dussouy v. Gulf Coast Investment Co., 660 F.2d 594, 597 (5th Cir. 1981) ("The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading[]").

Defendant shall file, on or before **February 18, 2020**, any objection to Plaintiff's amended complaint. (Doc. 19). If no objection is filed, Doc. 19 will become the operate complaint in this case.[2]

**DONE** and **ORDERED** this the **10th** day of **February 2020**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[2] Without leave of Court, Defendants filed an amended answer (Doc. 17). The filing of the amended complaint effectively moots the amended answer. Presuming Defendant has no objections to Plaintiff's amended complaint, Defendant would be required to respond to Plaintiffs amended complaint in accordance with the timing and filing requirements of the Federal Rules of Civil Procedure.