**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MELANIE GLASS-WYBLE,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 1:19-00429-KD-N** |
| | ) | |
| **GEICO INSURANCE COMPANY,** | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter is before the Court on Defendant's motion to strike as untimely Plaintiff's expert witness Ted Deshotels (Doc. 51) and Plaintiff's Opposition (Doc. 53).

**I.    Background**

The Rule 16(b) Scheduling Orders set forth the deadlines in this case.  (Doc. 11, 40, 47 (amended)).  Specifically, the original Rule 16(b) Scheduling Order provides as follows:

> 7. EXPERT TESTIMONY. The disclosure of expert testimony as required by Fed. R. Civ. P. 26(a)(2) and S.D. Ala. CivLR 26(b) must be made (1) by the plaintiff(s) on or before **Friday, February 14, 2020**, except that expert testimony intended solely to contradict or rebut, as contemplated by Rule 26(a)(2)(D)(ii), shall be disclosed by the plaintiff(s) on or before Friday, April 17, 2020; and (2) by the defendant(s) on or before **Wednesday, March 18, 2020**, including expert testimony intended solely to contradict or rebut, as contemplated by Rule 26(a)(2)(D)(ii). An expert's deposition, if taken, must be noticed and completed within thirty (30) days of the date on which the expert's report is disclosed.

(Doc. 11 at 4-5 at ¶7).   In sum, Plaintiff's expert deadline was February 14, 2020, and Defendant's expert deadline was March 18, 2020.

On April 2, 2020, the first amended Rule 16(b) Scheduling Order issued.  (Doc. 40).  The first amended order did not change or amend the parties' expert deadlines.

On February 14, 2020, Plaintiff served her expert disclosures; she did not name or identify Deshotels as an expert.  (Doc. 22).  On July 10, 2020, Plaintiff served amended expert disclosures;

1

therein she disclosed -- *for the first time* -- Deshotels as an expert (Doc. 43 at 5)) (and as amended

per Doc. 45 on July 17, 2020).

On July 20, 2020 the Court issued a Second Amended Rule 16(b) Scheduling Order which

extended the discovery deadline 30 days to allow for the parties to depose one of the Plaintiff's

treating physicians in August 2020, extended the dispositive motion deadline, and continued the

Final Pretrial Conference. (Doc. 47).   However, notably, the Court also emphasized:

> ...[T]he Court will not grant any further extension of discovery to allow for additional
> expert witness discovery the Defendant claims is needed as a result of the Plaintiff
> disclosing new expert witnesses on July 10, 2020 [ ] as ***the deadlines for expert witness
> disclosure have long expired. Per the initial Rule 16(b) scheduling order, the Plaintiff's
> primary expert disclosures were due February 14, 2020***; the Defendant's expert
> disclosures, both primary and rebuttal, were due March 18, 2020; and the Plaintiff's
> rebuttal disclosures were due April 17, 2020. (See Doc. 11....). In their prior motion to
> modify the scheduling order (Doc. 38), ***the parties did not request an extension of the
> expert disclosure deadlines, and the Court's first amended scheduling order issued
> pursuant to that motion did not purport to extend those deadlines. (See Doc. 40). The
> parties' present motion also does not request an extension of the expert disclosure
> deadlines.*** While the Court cannot prevent the parties from agreed to engage in informal
> expert discovery after the scheduling order deadlines, ***the undersigned will not modify the
> schedule to accommodate the parties' apparent disregard of those deadlines, and the
> Court will not involve itself in any disputes that may arise as a result of that informal
> discovery after the formal discovery cutoff.*** *See O'Connell v. Hyatt Hotels of Puerto Rico*,
> 357 F.3d 152, 155 (1st Cir. 2004) ("For Rule 16(b) to operate effectively, litigants cannot
> be permitted to treat a scheduling order as a 'frivolous piece of paper idly entered, which
> can be cavalierly disregarded without peril.'" (quoting *Johnson v. Mammoth Recreations,
> Inc.*, 975 F.2d 604, 610 (9th Cir. 1992), with internal citations and quotations omitted)).

(Doc. 47 at 1-2 (footnote omitted, emphasis added)).   As such, the Court noted the untimely

disclosure of Plaintiff's expert, that the parties had not moved for an extension of the expert

deadlines, and that orders which had amended deadlines did not apply to experts.   The Court

highlighted that while the parties may purport to agree on *informal* deadlines, such will mean little

to any disputes which arise, as "the Court will not involve itself in any disputes that may arise...."

Thus, the parties were advised that they were proceeding at their own peril, in disregarding Court

deadlines and/or agreeing among themselves as to an informal schedule for experts (and/or

otherwise).  Yet, here we are with the parties seeking such involvement by the Court.

## II.   <u>Discussion</u>

Defendant moves to strike Plaintiff's expert Deshotels as untimely -- as after the February 14, 2020 deadline.  In retort, Plaintiff argues: "This identification and exchange of this expert's report was timely pursuant to both the Court's first amended scheduling order [Doc. 40] and the agreement between Plaintiff and Geico as set forth below." (Doc. 53 at 1).  Plaintiff adds, by way of explanation, that by moving to extend the discovery deadlines, the parties "intended to agree to allow for ongoing expert disclosure and expert discovery up to the discovery cutoff."  (<u>Id</u>..  Per Plaintiff: "Plaintiff complied with the text of the first amended scheduling order in timely disclosing her .... expert, Ted Deshotels[]" and "the Parties agreed to allow expert disclosure and discovery until the discovery cutoff[.]" (<u>Id</u>. at 2).  Put simply, Plaintiff is mistaken, her arguments are misplaced, and her reliance on an informal agreement with the Defendant is irrelevant.

First, despite Plaintiff's claim that "the text" of the first amended scheduling order (Doc. 40) extended the February 14, 2020 expert deadline (Doc. 53 at 1), it did not. Plaintiff's reliance on form language defining what completed discovery means-- e.g., expert reports must be exchanged -- is unpersuasive.  Following Plaintiff's logic, an expert report deadline in a Rule 16(b) Scheduling Order -- which is set apart and distinct from the close of discovery deadline -- is a nullity and disregardable.  Also following Plaintiff's logic, parties would not be bound by the "time to disclose" expert requirements of Rule 26(a)(2)(D):"[a] party must make these disclosures at the times and in the sequence that the court orders[.]"  Plaintiff's contention is unsupportable and contradicts the Court's orders and Fed.R.Civ.P. Rule 26(a)(2)(D).

Second, while Plaintiff acknowledges the Court denied any expert deadline extensions in the second amended scheduling order (Doc. 47), Plaintiff oddly contends "[t]he Court's denial was

3

due to a misreading [by the Magistrate Judge] of the text of the first amended scheduling order." (Id. at 2 and 15).  There was no misreading.  Discovery deadlines are distinct from expert deadlines. The Court (Magistrate Judge) did not extend any expert deadlines via the first amended scheduling order.  Additionally, the Court (Magistrate Judge) took significant care in the second amended scheduling order (Doc. 47, *supra*) to note Plaintiff's untimely expert and alert the parties that informal agreements between them (regarding deadlines) would not amend Court deadlines.

Third, Plaintiff cites an agreement with the Defendant -- made privately and informally -- to unilaterally extend expert deadlines as grounds for her expert Deshotels to be deemed timely. (Doc. 53 at 2).  From there, Plaintiff cries foul regarding the recent actions of Defendant, which "in bad faith, breach" their private informal agreement, urging the Court's involvement to "prevent[] bad faith litigation tactics" as "a compelling reason to estop[]" the Defendant's motion to exclude Deshotels.  (Id. at 3).  The Court is not persuaded.

Pursuant to Rule 26(a)(2), parties are required to disclose all expert witnesses, accompanied with a written report containing "a complete statement of all opinions the witness will express and the basis and reasons for them[]" "at the times and in the sequence that the court orders[]" -- *as ordered via the Rule 16(b) Scheduling Order*.  "Strict adherence to scheduling orders is important…: '[it] is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril...Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier."  Rogers v. Hartford Life and Acc. Ins. Co., 2012 WL 2395194, *1 at n.3 (S.D. Ala. Jun. 22, 2012).  "Were the law otherwise, scheduling orders would be trivialized to the point of meaninglessness."  Roberson v. BancorpSouth Bank, Inc., 2013 WL 4870839, *2 (S.D. Ala. Sept. 12, 2013).  "The orderly, efficient passage of lawsuits through the federal courts demands that the

4

Federal Rules…be followed, that the parties adhere to Scheduling Orders, and that parties act diligently to safeguard their rights and advance their positions…allowing…dilatory amendment would undermine each of these objectives, supplanting predictable procedural rules and rigorous scheduling deadlines with an *ad hoc,* chaotic, 'anything-goes' approach. This the Court is unwilling to do." Id. at 2. "The purpose of civil discovery is to create an orderly process by which a record may be generated to support trial or dispositive motions. Surprise is not favored." Lavender v. Florida Gas Trans. Co., 2003 WL 25682205, *2 (S.D. Ala. Jun. 30, 2003).

Additionally, per Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The determination of whether a party's failure to timely disclose an expert is "substantially justified" or "harmless"[1] lies in the broad discretion of the Court, after consideration of: 1) the unfair prejudice or surprise of the opposing party; 2) the party's ability to cure the surprise; 3) the likelihood and extent of disruption to the trial; 4) the importance of the evidence; and 5) the offering party's explanation for its failure to timely disclose. Bradenton Beauty & Barber Academy, Inc. v. First Natl. Ins. Co. of Am., 2017 WL 915242, *1 (M.D. Fla. Mar. 8, 2017).  The burden of establishing that a failure to disclose an expert is either substantially justified

---

[1] "Substantial justification requires justification to a degree that could satisfy a reasonable person that parties could differed as to whether the party was required to comply with the disclosure request. The proponent's position must have a reasonable basis in law and fact. The test is satisfied if there is [a] genuine dispute concerning compliance[;]" and 2) "[f]ailure ...[to make the required disclosure]… is harmless when there is no prejudice to the party entitled to the disclosure." Ellison v. Windt, 2001 WL 118617, *2 (M.D. Fla. Jan. 24, 2001). See also Street v. Drury Inns, Inc., 2009 WL 3784330, *2 (S.D. Ala. Nov. 10, 2009). The Advisory Committee Notes to the 1993 amendment to Rule 37(c) provides examples of "harmless" violations: "e.g., the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties; the failure to list as a trial witness a person so listed by another party ..." "This commentary strongly suggests that 'harmless' involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." Burney v. Rheem Mfg. Co., Inc., 196 F.R.D. 659, 692 (M.D. Ala. 2000) (citations omitted).

or harmless rests on the party who fails to make the required disclosure.  <u>Mitchell v. Ford Motor Co.</u>, 318 Fed. Appx. 821, 824 (11th Cir. 2009).  "[T]he sanction of exclusion is automatic and mandatory[,]" unless such is established.  <u>Cardona v. Mason and Dixon Lines, Inc.</u>, 2017 WL 2363647, \*2 (S.D. Fla. May 31, 2017).  <u>See</u> <u>e.g.</u>, <u>OFS Fitel, LLC v. Epstein, Becker and Green, P.C.</u>, 549 F.3d 1344, 1363 (11th Cir. 2008) (same).  Untimely expert reports may be properly excluded when the transgressing party "never sought an extension of time from the district court" and "failed to justify his disregard for the Court's Order." <u>Quevedo</u>, 143 F.3d at 1258.

The original Rule 16(b) Scheduling Order clearly established the expert deadline that governed the Plaintiff:  February 14, 2020.  Plaintiff did not seek leave of Court to amend that deadline.  Plaintiff also fails to assert, much less establish, good cause to -- now -- amend that deadline.  As such, it is irrelevant if the Plaintiff entered into a separate private agreement, written or otherwise, for a new or different expert deadline (extended deadlines) with the Defendant.  Any experts after February 14, 2020 by the Plaintiff are untimely**.**

Accordingly, it is **ORDERED** that Defendant's motion to strike is **GRANTED**.

**DONE** and **ORDERED** this the **31st** day of **August 2020.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**